## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LT. COL. ALEXANDER VINDMAN
c/o Protect Democracy Project, Inc.
2020 Pennsylvania Avenue, NW, #163
Washington, D.C. 20006

               Plaintiff,

   v.

DONALD TRUMP, JR., RUDOLPH GIULIANI,
JULIA HAHN, and DANIEL SCAVINO, JR.,

               Defendants.

Civil Action No. 1:22-cv-00257-JEB

---

### MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SERVE PROCESS ON DEFENDANT JULIA HAHN BY ALTERNATIVE MEANS

Plaintiff Lt. Col. Alexander Vindman hereby moves the Court for leave to serve process on Defendant Julia Hahn by means other than those outlined in Rule 4(e) of the Federal Rules of Civil Procedure and applicable state law. As set forth below, Defendant Hahn has actual notice of this lawsuit and has been provided with a copy of the summons and complaint. But despite Plaintiff's diligent efforts, Defendant Hahn has thus far evaded formal service under Rule 4(e) and similar rules in the District of Columbia. To allow this case to proceed efficiently without the further waste of resources, Plaintiff therefore seeks leave to serve Defendant Hahn by electronic and overnight mail to her workplace.

Plaintiff's counsel has conferred with counsel for Defendants Donald Trump, Jr., Rudolph Giuliani, and Daniel Scavino, who take no position on this motion.

A.      **Background and Efforts to Serve Defendant Hahn**

Plaintiff filed his complaint on February 2, 2022, and the Court issued summonses for all four defendants on February 10, 2022. ECF Nos. 1, 5. During that time period, the case received substantial public attention. Every major news outlet (and many others) reported on the filing, and it was the subject of significant attention across social media. Plaintiff was able either to serve or to obtain a waiver of service from three of the four defendants relatively quickly thereafter. ECF Nos. 6-8. Defendant Hahn, however, has managed to evade formal service thus far despite Plaintiff's diligent efforts.

Plaintiff hired David Felter of Capitol Process Services, Inc., a professional process server and private investigator, to locate and serve Defendant Hahn in accordance with applicable rules. Decl. of David Felter (Felter Decl.) ¶¶ 2-3 (Mar. 25, 2022). After learning that the address initially listed on her summons was outdated, Mr. Felter identified a then-current address for Defendant Hahn on K Street in Washington, D.C., and began attempts to serve her there with the help of one of his agents. *Id.* ¶¶ 5-7. From February 18 to March 7, Mr. Felter and his agent made numerous, unsuccessful attempts to locate Defendant Hahn both inside and outside of her apartment building. *Id.* ¶¶ 7-16.

Amid those attempts, Mr. Felter located Defendant Hahn's cell phone number and spoke with her on March 2, 2022. *Id.* ¶ 13. Mr. Felter identified himself as a process server, shared pertinent information about the summons and complaint (including the parties and a case description), and told her that, on behalf of the plaintiff in the matter, he was attempting to locate her to serve her with the summons and complaint. *Id.* Defendant Hahn acknowledged the information and told Mr. Felter that she would call him back, but never did. *Id.* Mr. Felter then continued to attempt to serve Defendant Hahn at her home. *Id.* ¶¶ 14-16.

On March 7, 2022, Plaintiff's counsel contacted Defendant Hahn by email at her official work address—something counsel had previously avoided so as not to disrupt or embarrass her at work. *See* Decl. of Genevieve Nadeau (Nadeau Decl.) ¶ 3 (Mar. 25, 2022). After receiving no response, counsel emailed Defendant Hahn again on March 9, 2022. *Id*. ¶ 5.  Then on March 10, 2022, counsel called Defendant Hahn on her cell phone and left a voicemail. *Id*. ¶ 6. In both the emails and voicemail, counsel identified herself, asked Defendant if she is represented by counsel, and informed her that Plaintiff was attempting to effect service of the summons and complaint in this matter. *Id*. ¶¶ 3, 5-6.

From March 10 to 16, 2022, Mr. Felter made several attempts to serve Defendant Hahn at her office in the Russell Senate Office Building, but was unsuccessful, in large part because he was denied access to her office without an escort pursuant to security rules currently in place there. Felter Decl. ¶¶ 17, 19-20. During those attempts, however, Mr. Felter also left voicemail messages for both Defendant Hahn and her supervisor seeking access to the office. *Id*. ¶¶ 17, 19. Neither of those calls has been returned. *Id*.

On March 11, 2022, after some additional investigative work, Mr. Felter was able to speak with the owner of Defendant Hahn's K Street apartment. *Id*. ¶ 18. The owner told him that Ms. Hahn had moved out of the apartment "last month" and did not leave a forwarding address. *Id*.

On March 14, 2022, Plaintiff's counsel emailed copies of the summons and complaint, as well as a request to waive service, to Defendant Hahn at her work email address, and caused hard copies of those documents (and others) to be sent to her at her office via Federal Express. Nadeau Decl. ¶¶ 7-8.  Defendant Hahn has not responded to any of counsel's messages and has not returned a waiver of service or otherwise acknowledged receipt of the documents. *Id*. ¶ 9.

Finally, in an effort either to effect service or at least to learn Defendant Hahn's forwarding address, on March 23, 2002, Mr. Felter sent copies of the summons and complaint (and other documents) to Ms. Hahn at her K Street address by both certified mail, return receipt requested, and priority mail. Felter Decl. ¶ 21. Thus far, the tracking information for these mailings has not included a forwarding address. *Id*.

Despite continuing efforts, Plaintiff has been unable to locate a new home address for Defendant Hahn. *Id.* ¶ 23.

**B.      Alternative Service Is Justified Under the Circumstances and Applicable Law**

The primary purpose of the rules of service outlined in Rule 4 of the Federal Rules of Civil Procedure and analogous state law is to afford the defendant notice of an action against her and a fair opportunity to be heard in response. *Dusenbery v. United States*, 534 U.S. 161, 167 (2002). The Constitution requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Of course, actual notice alone is not sufficient—service (or waiver) is required for a court to exercise personal jurisdiction. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004). Under the circumstances here, because the relevant rules permit this Court to allow alternative service after diligent efforts, serving Defendant Hahn via electronic and overnight mail to her place of work will satisfy both the purpose of the formal rules of service and applicable law.

In addition to the specific methods of service identified in Rule 4(e)(2), which have proven unsuccessful thus far, federal law permits service on a defendant within a judicial district of the United States in accordance with "state law for serving a summons in an action brought in

courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1)-(2). At all relevant times, as far as Plaintiff is aware, Defendant Hahn has both lived and worked in Washington, D.C. Applicable rules in the District specifically contemplate alternative methods of service where a plaintiff can demonstrate diligent efforts to serve the defendant by prescribed methods, even absent proof of intentional evasion by the defendant:

> (A) *In General.* If the court determines that, after diligent effort, a party has been unable to accomplish service by a method prescribed in Rule 4(c) or (e)(1)-(2), the court may permit an alternative method of service that the court determines is reasonably calculated to give actual notice of the action to the party to be served.
> (B) *Examples.* Alternative methods of service include:
>> (i) delivering a copy to the individual's employer by leaving it at the individual's place of employment with a clerk or other person in charge;
>> (ii) transmitting a copy to the individual by electronic mail if the serving party:
>>> (a) shows that the party to be served used this method for successful communication within the past 6 months; and
>>> (b) sends a copy, by first class mail, to the last-known business or residential address of the person to be served; or
>> (iii) any other manner that the court deems just and reasonable.

D.C. Super. Ct. R. Civ. P. 4(e)(3)(A)-(B).[1]

Although an initial lack of confidence in Defendant Hahn's home address effectively prevented service by mail, *see* D.C. Super. Ct. R. Civ. P. 4(c)(4)-(5), Plaintiff has spent more than a month and thousands of dollars attempting to serve Defendant Hahn in person at both her home (the address of which was later confirmed) and her place of work. *See* Fed. R. Civ. P. 4(e)(2); D.C. Super. Ct. R. Civ. P. 4(e)(2); *see also* Nadeau Decl. ¶¶ 10-11. Plaintiff's attempts to serve Defendant Hahn have exceeded what the D.C. Court of Appeals recognizes as due diligence in attempting service. *See Parker v. Frank Emmet Real Est.*, 451 A.2d 62, 65 (D.C. 1982) (collecting and comparing cases, including findings of sufficient diligence in a case involving

---

[1] The Court can find a copy of the D.C. Superior Court Rules of Civil Procedure at https://www.dccourts.gov/superior-court/rules.

three attempts at service at a home residence and a case in which a process server spoke to a

maid in the home to ask her to accept service, and a finding of insufficient diligence in a case in

which a process server knocked on the front door of several residences, waited 45-60 seconds,

and made no further attempts to locate the defendants before posting the complaint). Plaintiff

here engaged a professional process server who attempted to serve Defendant Hahn at her

then-current home residence and place of work multiple times, and attempted to locate her new

address through databases and by speaking with her former landlord and the concierge at her K

Street address. Felter Decl. ¶¶ 7-23. The process server also spoke with Defendant Hahn directly

by phone in an attempt to arrange for service. *Id.* ¶ 13. In addition, Plaintiff's counsel contacted

Defendant Hahn by email and phone. Nadeau Decl. ¶¶ 3-8. As a result of those efforts,

Defendant Hahn has been put on direct and clear notice of the lawsuit, and has even been

provided copies of the summons and complaint by email and through Federal Express delivery to

her work address.

It is likely that additional efforts to serve Defendant Hahn will either be futile or will

require significant and unjustified additional time and expense. It is clear from Defendant Hahn's

unresponsiveness thus far that she is not inclined to waive or otherwise cooperate in accepting

service. Moreover, it has proven impossible thus far to serve Defendant Hahn in person at work,

and it is not clear if or when Defendant Hahn's new home address will become publicly available

so that Plaintiff can attempt to serve her there either in person or by mail. *See* Felter Decl. ¶ 23.

On the other hand, formally serving Defendant Hahn with the summons and complaint in

this matter by electronic and overnight mail to her place of work is both feasible and specifically

contemplated in District rules as an alternative to other service methods that is "reasonably

calculated to give actual notice of the action to the party to be served." *See* D.C. Super. Ct. R.

Civ. P. 4(e)(3)(A)-(B); *see also Juniper Networks, Inc. v. Bahattab*, 2008 WL 250584, at *1
(D.D.C. Jan. 30, 2008) (collecting federal cases permitting service by electronic mail in other
contexts); *Miller v. Ceres Unified Sch. Dist.*, 2016 WL 4702754, at *3-4 (E.D. Cal. Sept. 7, 2016)
(permitting service by email when authorized by law); *Facebook v. Banana Ads, LLC*, 2012 WL
1038752, at *3 (N.D. Cal. Mar. 27, 2012) (same).

**C.      Alternative Service Will Best Ensure the Efficient Administration of the Case**

        Plaintiff anticipates that one or all of the defendants may file a responsive motion rather
than answer the complaint. With the exception of Defendant Hahn, all of the parties have agreed
that a consolidated response and briefing schedule for all parties – including Defendant Hahn –
will best serve the "just, speedy, and inexpensive determination" of this case. *See* Fed. R. Civ. P.
1. The parties expect to submit a proposed schedule to the Court as soon as Defendant Hahn has
been served and can participate in that proposal. Until Defendant Hahn is served with the
summons and complaint, however, it is not possible to definitely determine a response and
briefing schedule that will accommodate all of the parties and the Court. (In the meantime,
Plaintiff has agreed to April 18, 2022, as the deadline for Defendants Trump, Jr., Giuliani, and
Scavino, to respond to the complaint.)

        Accordingly, rather than unnecessarily delay the proceedings while Plaintiff continues his
potentially futile efforts to serve Defendant Hahn[2] or allow for multiple response and briefing
deadlines, Plaintiff submits that serving Defendant Hahn now by email and overnight mail to her
place of work will best ensure the fair and efficient administration of this case without any
prejudice to Defendant Hahn.

---

[2] Although it has been fewer than 30 days since counsel sent a formal written request to
Defendant Hahn to waive service, the numerous failed attempts to elicit Ms. Hahn's cooperation
in accepting service render it unlikely that circumstances will have changed by that time such
that it will be any easier to locate and serve her.

Respectfully submitted,

Dated:  March 25, 2022                    PLAINTIFF LT. COL. ALEXANDER VINDMAN

By:  _/s/ Genevieve C. Nadeau_____

Genevieve C. Nadeau (Bar No. 979410)
PROTECT DEMOCRACY PROJECT, INC.
15 Main Street, Ste. 312
Watertown, MA 02472
P: 202-579-4582
F: 929-777-8428
genevieve.nadeau@protectdemocracy.org

Anne Tindall (Bar No. 494607)
Kristy Parker (Bar No. 1542111)
Rachel F. Homer (Bar No. 1045077)
PROTECT DEMOCRACY PROJECT, INC.
2020 Pennsylvania Avenue, NW, #163
Washington, D.C. 20006
anne.tindall@protectdemocracy.org
kristy.parker@protectdemocracy.org
rachel.homer@protectdemocracy.org
P: 202-579-4582

Danielle E. Leonard (*pro hac vice motion forthcoming*)
Stacey Leyton (*pro hac vice motion forthcoming*)
Amanda C. Lynch (*pro hac vice motion forthcoming*)
ALTSHULER BERZON LLP
177 Post Street, Ste. 300
San Francisco, CA 94108
P: 415-421-7151
F: 415-362-8064
dleonard@altshulerberzon.com
sleyton@altshulerberzon.com
alynch@altshulerberzon.com

**CERTIFICATE OF SERVICE**

I certify that on this 25th day of March, 2022, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to

all registered parties. In addition, I served the foregoing as follows:

Defendant Donald Trump, Jr.
Karin Sweigart, Esq.
Dhillon Law Group Inc.
177 Post Street, Suite 700
San Francisco, CA 94108
*Via email to KSweigart@dhillonlaw.com with her consent.*

Defendant Daniel Scavino
Karin Sweigart, Esq.
Dhillon Law Group Inc.
177 Post Street, Suite 700
San Francisco, CA 94108
*Via email to KSweigart@dhillonlaw.com with her consent.*

Defendant Rudolph Giuliani
Joseph Sibley, Esq.
Camara & Sibley LLP
1108 Lavaca Street, Ste. 110263
Austin, TX 78701
*Via email to sibley@camarasibley.com with his consent.*

Defendant Julia Hahn
Julia Hahn
Russell Senate Office Building (SR-248)
2 Constitution Avenue NE, Washington, D.C. 20510
*Sent via Federal Express Overnight*

AND, by emailing a copy to Ms. Hahn at *julia_hahn@hagerty.senate.gov,* and then calling her
on her cell phone (leaving a message if necessary) to inform her that I had done so.

Respectfully submitted,

 */s/ Genevieve C. Nadeau*