UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALEXANDER VINDMAN,

    Plaintiff,

    v.

DONALD TRUMP, *et al.*,

    Defendants.

Civil Action No. 22-257 (JEB)

## ORDER

Plaintiff Alexander Vindman seeks leave of the Court to serve process on Defendant Julia Hahn by email and overnight mail to her workplace. Given that Vindman has sufficiently demonstrated that Hahn is evading service, the Court will grant his Motion.

Federal Rule of Civil Procedure 4(e)(1) permits serving a summons in the United States by, among other means, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." District of Columbia law provides:

> (A) In General. If the court determines that, after diligent effort, a party has been unable to accomplish service by a method prescribed in Rule 4(c) or (e)(1)–(2), the court may permit an alternative method of service that the court determines is reasonably calculated to give actual notice of the action to the party to be served.
>
> (B) Examples. Alternative methods of service include: (i) delivering a copy to the individual's employer by leaving it at the individual's place of employment with a clerk or other person in charge; (ii) transmitting a copy to the individual by electronic mail if the serving party: (a) shows that the party to be served used this method for successful communication within the past 6 months; and (b) sends a copy, by first class mail, to the last-known business or residential address of the person to be served; or (iii) any other manner that the court deems just and reasonable.

D.C. Super. Ct. R. Civ. P. 4(e)(3)(A)–(B). The D.C. Rules also require an affidavit setting forth proof of diligent efforts to serve a defendant before alternative service is authorized. Id., Rule 4(e)(3)(C).

This Court determines that Vindman has made more than sufficient efforts to serve Hahn in D.C. See, e.g., Parker v. Frank Emmet Real Est., 451 A.2d 62, 65 (D.C. 1982) (collecting cases regarding diligence of process servers); District Title v. Warren, No. 14-1808, 2015 WL 12964657, at *6 (D.D.C. June 1, 2015) (discussing how court "authorized alternative service of process" "in light of plaintiff's multiple good-faith, but unsuccessful, efforts to serve defendant"). He has engaged a professional process server — whose affidavit accompanies the Motion — who made "numerous, unsuccessful attempts to locate Defendant Hahn both inside and outside her apartment building"; the process server spoke to her on the phone, but she never returned his call as she stated she would; and, despite other voicemails and emails, she was able to deny the process server access to her work. See ECF Nos. 10 (Pl. Mot.) at 2–3; 10-1 (Declaration of David Felter) (process server). Vindman has "spent more than a month and thousands of dollars attempting to serve Defendant Hahn." Pl. Mot. at 5.

There is no question, therefore, that Hahn has actual notice of the suit, and her efforts seem clearly designed to evade service. Plaintiff's proposal to serve her via email and overnight mail to her office are reasonable and sufficient; given this service and prior efforts, Defendant cannot claim a lack of notice.

The Court, accordingly, ORDERS that:

1. Plaintiff's Motion is GRANTED; and

2. He may serve Hahn via email and overnight mail to her place of employment.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: March 28, 2022