IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LT. COL. ALEXANDER VINDMAN,<br><br>      Plaintiff,<br><br>    v.<br><br>DONALD TRUMP, JR., RUDOLPH GIULIANI, JULIA HAHN, and DANIEL SCAVINO, JR.,<br><br>      Defendants. | Civil Action No. 1:22-cv-00257-JEB |

**MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF OF
FEDERAL COURTS LAW PROFESSORS IN SUPPORT OF
LT. COL. ALEXANDER VINDMAN'S
<u>OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS</u>**

KATHLEEN R. HARTNETT (#483250)
khartnett@cooley.com
DAVID S. LOUK*
dlouk@cooley.com
KELSEY R. SPECTOR*
kspector@cooley.com
CAROLINE A. LEBEL*
clebel@cooley.com
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone: +1 415 693 2000
Facsimile:  +1 415 693 2222

**Pro Hac Vice pending*

Counsel for *Amici Curiae*
Federal Courts Law Professors

Federal Courts Law Professors Alexander A. Reinert, Joanna Schwartz, and Stephen I. Vladeck respectfully submit this motion for leave to file the attached *amici curiae* brief in support of Plaintiff Lieutenant Colonel Alexander Vindman.[1] A proposed order also accompanies this motion.

## I.   INTRODUCTION AND BACKGROUND

Alexander A. Reinert is the Max Freund Professor of Litigation and Advocacy at the Benjamin N. Cardozo School of Law, where he conducts research on issues related to civil procedure, civil rights, and constitutional torts, among other topics. He has also published numerous articles on the doctrine of qualified immunity. Professor Reinert has actively litigated civil rights cases for over 20 years.

Joanna Schwartz is Professor of Law at UCLA School of Law, where she teaches civil procedure and a variety of courses on police accountability and public interest lawyering. Professor Schwartz is one of the country's leading experts on police misconduct litigation, and she is co-author, with Stephen Yeazell, of a leading casebook, *Civil Procedure* (10th Edition). Among other topics, her scholarship examines the justifications for qualified immunity.

Stephen Vladeck holds the Charles Alan Wright Chair in Federal Courts at the University of Texas at Austin School of Law. He has recently published on issues related to civil suits against federal officials and constitutional torts, among other topics. Professor Vladeck has argued over a dozen cases before the U.S. Supreme Court, the Texas Supreme Court, and various lower federal civilian and military courts; has testified before numerous congressional committees and Executive Branch agencies and commissions; and has served as an expert witness both in U.S. state and

---

[1] Pursuant to Local Civil Rule 7(m), counsel for Federal Courts Law Professors contacted counsel for Plaintiff and Defendants in a good-faith effort to determine whether there is any opposition to the filing of this motion. Plaintiff and Defendants consent to this filing. Affiliations of *amici* are provided for purposes of identification only.

federal courts and in foreign tribunals.

*Amici* respectfully submit that they should be granted leave to file the accompanying brief because, as set forth below, the *amici curiae* brief will assist the Court in addressing one of the central issues raised in Defendants' motions to dismiss—whether the qualified immunity doctrine bars Plaintiff's claims arising under 42 U.S.C. § 1985(1) and (2) against Defendants Julia Hahn and Daniel Scavino, Jr.

## II.  ARGUMENT

District courts have "inherent authority," derived from Rule 29 of the Federal Rules of Appellate Procedure, to grant non-parties leave to file an *amicus* brief. *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) (citation omitted). This Court thereby enjoys "broad discretion" to permit participation by *amici curiae*. *See Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007) (granting organization permission to participate as *amicus curiae* where "the court may benefit from [its] input").

Where "the information offered is 'timely and useful,'" a motion for leave to file an *amicus* is generally granted. *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996) (citation omitted). This is especially so where the *amicus* brief provides "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Hard Drive Prods., Inc. v. Does 1-1,495*, 892 F. Supp. 2d 334, 337 (D.D.C. 2012) (quoting *Jin*, 557 F. Supp. 2d at 137); *see also Ellsworth Assocs.*, 917 F. Supp. at 846 (granting motion where movants "ha[d] a special interest in [the] litigation as well as a familiarity and knowledge of the issues raised therein that could aid in the resolution of this case"); *N. Mariana Islands v. United States*, No. 08-CV-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (granting motion where *amicus* brief "include[d] unique arguments not to be found in the parties' briefs").

Under these standards, the Federal Courts Law Professors should be granted leave to file

the accompanying *amici curiae* brief, which is both useful and timely.

### A. The Accompanying *Amici* Brief Provides Useful Information that Will Assist the Court in Determining Whether the Qualified Immunity Doctrine Applies Here, Without Duplicating Arguments Presented by the Parties.

*Amici* should be granted leave to file the accompanying brief because it addresses an issue at the core of Defendant Hahn and Defendant Scavino, Jr.'s motions to dismiss: their arguments that Plaintiff's claims under § 1985(1) and (2) are barred by qualified immunity. *See* ECF No. 26-1 (Mem. in Supp. of Julia Hahn's Mot. to Dismiss) at 26–33; ECF No. 20 (Mem. in Supp. of Donald Trump, Jr. & Daniel Scavino, Jr.'s Mot. to Dismiss) at 41–42; *see also* ECF No. 30 (Mem. in Supp. of Plaintiff's Opp. to Defs.' Mot. to Dismiss) at 60–72 (addressing qualified immunity).

Although Plaintiff's opposition addresses Defendants' qualified immunity arguments, *amici*'s brief provides helpful additional context about, and discussion of, *inter alia*, the development of the modern qualified immunity doctrine in the context of § 1983 litigation; the "fair notice" concerns that animate the modern qualified immunity doctrine in the context of constitutional torts; practical and policy considerations that counsel against robust application of qualified immunity to pure statutory offenses with comparably concrete criminal analogues; and the unsettled nature of the application of qualified immunity to § 1985(1) and (2) claims not derived from constitutional torts. This analysis will assist the Court in resolving the parties' competing claims on the potential applicability of the qualified immunity doctrine in the instant case without merely duplicating the parties' arguments.

As an example of *amici*'s further development of the arguments so as to assist the Court, *amici* explain that qualified immunity doctrine should be employed with significant restraint and caution, if at all, for claims against government officers involving pure statutory offenses untethered to the constitutional tort considerations that illuminate qualified immunity's origins and contemporary applications, in contrast to constitutional tort claims brought under § 1983. More

specifically, the brief describes why the various justifications the Supreme Court has proffered for qualified immunity—such as the need to put government officers on notice of conduct that violates the Constitution and may result in liability—are virtually inapplicable for pure statutory offenses with comparably concrete criminal analogues, including those under § 1985(1) and (2). In such circumstances, criminal statutory interpretation jurisprudence already ensures fair notice through doctrines such as void for vagueness and the rule of lenity.

Given the complexity of qualified immunity and the limited space to address this issue in the parties' respective briefing on the Defendants' motions to dismiss, *amici*'s supplemental brief will assist the Court in understanding the potential role that qualified immunity plays in § 1985(1) and (2) claims without duplicating either party's arguments.

      **B.**    **The *Amici* Brief Is Timely.**

This motion and the accompanying brief are timely filed. Borrowing from the Federal Rules of Appellate Procedure, an *amicus* brief is due "no later than [seven] days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(a)(6). Local Civil Rule 7(o) requires that the motion for leave to file an amicus brief be "filed in a timely manner such that it does not unduly delay the Court's ability to rule on any pending matter."

Here, the party supported by the Federal Courts Law Professors is Plaintiff Lt. Col. Alexander Vindman, who filed his principal brief in opposition to Defendants' motions to dismiss on July 29, 2022. This motion and the accompanying brief have therefore been filed within the seven-day time frame prescribed under the Federal Rules of Appellate Procedure. Additionally, given that Defendants may file reply briefs in support of their motions to dismiss, they can (if needed) address any aspects of *amici*'s brief in those replies, and this filing will not impede the Court's ability to rule on any pending matter.

Finally, and as noted, Plaintiff and all Defendants have consented to the filing without any

objection to timing.

### III. CONCLUSION.

For the foregoing reasons, the Federal Courts Law Professors respectfully request that they be granted leave to file the attached *amici curiae* brief.

Respectfully submitted,

Dated: August 5, 2022

By: */s/ Kathleen Hartnett*
Kathleen R. Hartnett (DC Bar No. 483250)
khartnett@cooley.com

David S. Louk*
dlouk@cooley.com

Kelsey Spector*
kspector@cooley.com

Caroline A. Lebel*
clebel@cooley.com

COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone: +1 415 693 2000
Facsimile:  +1 415 693 2222

**Pro Hac Vice pending*

Counsel for *Amici Curiae*
Federal Courts Law Professors

## CERTIFICATE OF SERVICE

I certify that on August 5, 2022, a copy of the foregoing was filed with the Clerk using the Court's CM/ECF system, which will send a copy to all counsel of record.

                                        /s/ *Kathleen Hartnett*
                                        Kathleen R. Hartnett (DC Bar No. 483250)